**THOMAS D'AMORE**, OSB No. 922735
Email: tom@damorelaw.com
**DOUGLAS P. OH-KEITH**, OSB No. 064585
Email: doug@damorelaw.com
D'AMORE LAW GROUP, P.C.
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: (503) 222-6333

*Attorneys for Plaintiff Margaret E. Vaughan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARGARET VAUGHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.; and ANDREW ADDO,<br><br>　　　　Defendants. | Case No. 3:21-cv-00589<br><br>**COMPLAINT AND JURY TRIAL DEMAND**<br><br>Personal Injury |

# PARTIES

### Plaintiff

### 1.

Plaintiff Margaret Vaughan is an adult who resided in Clackamas County, Oregon, at the time of the crash described in the Complaint. She was 36 years old at the time of the crash.

//

//

//

{00465966;6}

1 – COMPLAINT AND JURY TRIAL DEMAND

**Defendants**

2.

At all material times herein, Defendant J.B. Hunt Transport, Inc. ("Defendant J.B. Hunt") was a Georgia Corporation headquartered at 705 Ruskin Drive, Forest Park, Georgia, 30297. Defendant J.B. Hunt maintained its principal place of business in the State of Georgia. At the time of the crash described in this Complaint, Defendant J.B. Hunt is believed to have employed more than 20,000 professional drivers to operate a fleet of more than 18,000 trucks. Defendant J.B. Hunt hauled freight all over North America and was subject to Oregon law as well as federal interstate trucking law.

3.

At all material times herein, Defendant Andrew Addo ("Defendant Addo") was a driver with a commercial driver's license who worked as the employee and/or actual agent and/or apparent agent of Defendant J.B. Hunt. Defendant Addo was acting within the course and scope of his employment and/or agency with Defendant J.B. Hunt while pursuing its business purpose. Defendant Addo is an employee pursuant to 49 C.F.R. § 390.5. At the time of the crash, Defendant Addo was a resident of the state of Washington.

**JURISDICTION AND VENUE**

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Defendant J.B. Hunt is incorporated and has its principal place of business outside of the state in which the Plaintiff resides. Defendant Addo is a citizen of a foreign state outside of the state in which Plaintiff resides.

5.

Venue is proper in this Court because a substantial part of the events or omissions giving

rise to the claims alleged herein occurred in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), and all Defendants are subject to personal jurisdiction in this District because they conduct business within the State pursuant to 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

**6.**

Defendant J.B. Hunt hired Defendant Addo to drive large commercial trucks and trailers for its commercial benefit throughout North America.

**7.**

On or about January 20, 2020, Defendant Addo was driving a semi-truck hauling freight for Defendant J.B. Hunt.

**8.**

Defendant Addo was driving eastbound on Ehlen Road NE in Marion County, Oregon, so recklessly that his semi-truck left the roadway on the right side only to be quickly jerked back on to the roadway. Defendant Addo repeated this pattern of reckless driving at least six separate times in the twenty minutes immediately preceding the crash.

**9.**

Again, Defendant Addo recklessly drove the semi-truck off the roadway to the right and jerked the truck back, but over-corrected and crossed the center line with his semi-truck across all lanes of Ehlen Road NE .

**10.**

Meanwhile Plaintiff Margaret Vaughan was driving her Jeep Cherokee westbound on Ehlen Road NE. As she drove down the road she was confronted with Defendants' semi-truck taking up all lanes of travel.

//

{00465966;6}

3 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**11.**

Defendants' semi-truck struck Plaintiff's car head on sending Plaintiff's car further right in to the ditch, at which point the semi-truck tipped over landing on top of Plaintiff's car, seriously injuring Plaintiff Margaret Vaughan.

**12.**

The conduct of Defendants J.B. Hunt and Addo constituted reckless, outrageous, dangerous, criminal and negligent conduct.

**13.**

Defendants J.B. Hunt and Addo violated numerous federal and state laws, including, but not limited to:

a. Failing to operate a vehicle at a reasonable speed under the circumstances then and there existing. (ORS 811.100);

b. Driving a motor vehicle in a manner that impedes or blocks the normal and reasonable movement of traffic. (ORS 811.130);

c. Recklessly driving a vehicle upon a highway in a manner that endangers the safety of persons or property disregarding a substantial and unjustifiable risk, which unreasonably endangered the safety of the public, including Plaintiff by:

   (1) crossing over and blocking all lanes of traffic on Ehlen Road NE;

   (2) continuing to operate a large and heavy semi-truck when he was too fatigued to drive safely. (ORS 811.140);

d. Failing to drive on the right. (ORS 811.295);

e. Failing to drive within a lane. (ORS 811.370);

f. Driving on a highway divider. (ORS 811.430);

{00465966;6}

4 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

    g.  Operating a motor vehicle while using a mobile electronic device. (ORS 811.507, 49 C.F.R. §392.82);

    h.  Operating a commercial motor vehicle while his ability or alertness was so impaired through fatigue, illness, or any other cause as to make it unsafe to continue to operate the commercial motor vehicle. (49 C.F.R. §392.3).

## DAMAGES

**14.**

Plaintiff realleges paragraphs 1-13.

**15.**

As a direct and proximate result of the crash alleged above, Plaintiff Margaret Vaughan suffered serious and permanent physical injuries.

**16.**

As a result of Defendants' conduct, Plaintiff Margaret Vaughan has incurred past economic damages in an amount to be proven at trial. Plaintiff Margaret Vaughan will also incur future economic damages as a result of Defendants' conduct in an amount to be determined at trial.

**17.**

As a result of Defendants' conduct, Plaintiff Margaret Vaughan has suffered and will continue to suffer pain, concern for her physical well-being, permanent injury, and disfigurement, reduced range of motion, loss of function, loss of sleep, inconvenience, and interference with her normal and usual activities. Plaintiff Margaret Vaughan requests compensation for noneconomic losses in an amount to be proven at trial in an amount that the jury determines is fair.

{00465966;6}

5 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

**18.**

Plaintiff realleges paragraphs 1-17.

**19.**

Defendants' actions demonstrate a reckless and outrageous indifference to a highly unreasonable risk of harm in acting with the conscious indifference to the safety of Plaintiff and the rest of the public.  Plaintiff demands punitive damages against each of the Defendants in amounts to be determined at trial.

## VICARIOUS LIABILITY

**20.**

Plaintiff realleges paragraphs 1-19.

**21.**

At all relevant times, Defendant Addo was acting as Defendant J.B. Hunt's employee and/or actual agent and/or apparent agent, and he was acting within the course and scope of his employment and/or agency on behalf of Defendant J.B. Hunt.  Defendant Addo acted under the control and influence of Defendant J.B. Hunt for its commercial benefit. On this basis, Defendant J.B. Hunt is vicariously liable for the damages caused by the negligence, gross negligence, and recklessness of  Defendant Addo as alleged in this Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Negligence / Recklessness)
### (Andrew Addo and J.B. Hunt Transport, Inc.)
**22.**

Plaintiff realleges paragraphs 1-21.

//

{00465966;6}

6 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**23.**

Defendant Addo was negligent and/or reckless in one or more of the ways alleged above, and such negligence and/or recklessness caused Plaintiff's damages.

**24.**

The negligent and reckless acts and omissions of Defendant Addo were the direct and proximate cause of Plaintiff's damages as alleged in this Complaint, and Defendant J.B. Hunt is vicariously liable for the damages caused by Defendant Addo's negligence, gross negligence, and/or recklessness.

**SECOND CAUSE OF ACTION**
**(Negligence / Recklessness)**
**(J.B. Hunt Transport, Inc.)**

**25.**

Plaintiff realleges paragraphs 1-24.

**26.**

The incident and resulting injuries were caused by the direct negligence and recklessness of Defendant J.B. Hunt in one or more of the following particulars:

a) Defendant J.B. Hunt had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Addo. Defendant J.B. Hunt had a duty to adopt and enforce policies, procedures, and rules to ensure that its drivers acted, and its vehicles were operated, safely.

b) Defendant J.B. Hunt had a duty to provide a reasonably safe vehicle with appropriate safety equipment and features, including but not limited to, properly maintained and operational steering systems, and properly maintained and operational braking

{00465966;6}

7 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

systems. Defendant J.B. Hunt failed to provide Defendant Addo with a reasonably safe vehicle with appropriate safety equipment and features.

c) Defendant J.B. Hunt had a duty to properly maintain the semi-truck so that it was in a safe working order. Defendant J.B. Hunt failed to maintain the semi-truck so that it was in a safe working order.

27.

Defendant J.B. Hunt breached these duties, and those breaches were the direct and proximate cause of the injuries sustained by Plaintiff.

**THIRD CAUSE OF ACTION**
**(Negligence Per Se)**
**(Andrew Addo and J.B. Hunt Transport, Inc.)**
28.

Plaintiff realleges paragraphs 1-27.

29.

Defendant Addo violated numerous state and federal statutes and regulations including but not limited to:

i. Failing to operate his vehicle at a reasonable speed under the circumstances then and there existing. (ORS 811.100);

j. Driving a motor vehicle in a manner that impedes or blocks the normal and reasonable movement of traffic. (ORS 811.130);

k. Recklessly driving a vehicle upon a highway in a manner that endangers the safety of persons or property disregarding a substantial and unjustifiable risk, which unreasonably endangered the safety of the public, including Plaintiff by:

> (3) crossing over and blocking all lanes of traffic on Ehlen Road NE;

{00465966;6}

8 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

(4) continuing to operate a large and heavy semi-truck when he was too fatigued to drive safely. (ORS 811.140);

l.  Failing to drive on the right. (ORS 811.295);

m. Failing to drive within a lane. (ORS 811.370);

n. Driving on a highway divider. (ORS 811.430);

o. Operating a motor vehicle while using a mobile electronic device. (ORS 811.507, 49 C.F.R. §392.82);

p. Operating a commercial motor vehicle while his ability or alertness was so impaired through fatigue, illness, or any other cause as to make it unsafe to continue to operate the commercial motor vehicle. (49 C.F.R. §392.3).

### 30.

The acts and omissions constituting negligence per se of Defendant Addo were the direct and proximate cause of Plaintiff's damages as alleged in this Complaint, and Defendant J.B. Hunt is vicariously liable for the damages caused by Defendant Addo's negligence and recklessness.

**FOURTH CAUSE OF ACTION**
**(Negligence Per Se)**
**(J.B. Hunt Transport, Inc.)**

### 31.

Plaintiff realleges paragraphs 1-30.

### 32.

Defendant J.B. Hunt violated numerous state and federal statutes and regulations including but not limited to 49 U.S.C. §§ 14101 and 14704, 49 C.F.R. §§ 350 to 399, ORS 811.005 to 811.748. Specific violations include requiring or permitting a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to

{00465966;6}

9 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. § 392.3

**33.**

Defendant Addo's and J.B. Hunt's violation of these statutes and regulations is negligent per se and caused damages to Plaintiff as alleged in this Complaint.

## PRAYER FOR RELIEF

On behalf of Plaintiff against all Defendants:

a. For past and future economic damages in an amount to be proven at trial;

b. For past and future noneconomic losses in an amount to be proven at trial;

c. For punitive damages in an amount to be proven at trial;

d. For Plaintiffs' costs and disbursements incurred herein;

e. For interest according to law; and

f. For such other relief as the court deems just.

DATED this 20th day of April, 2021.

D'AMORE LAW GROUP, P.C.

By: *s/ Douglas P. Oh-Keith*
Thomas D'Amore, OSB No. 922735
Douglas P. Oh-Keith, OSB No. 064585

*Attorneys for Plaintiff Margaret E. Vaughan*

{00465966;6}

10 – COMPLAINT AND JURY TRIAL DEMAND

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333