**David P. Rossmiller, OSB No. 983395**
Email: drossmiller@chartwelllaw.com
**Andrew T. Gust, OSB No. 114074**
Email: agust@chartwelllaw.com
**Ryan M. Tarter, OSB No. 141212**
Email: rtarter@chartwelllaw.com
Chartwell Law Offices, LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Telephone:     (503) 886-8108
Facsimile:     (503) 961-7864

*Attorneys for J.B. Hunt Transport, Inc., and Andrew Addo*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MARGARET VAUGHAN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.; and ANDREW ADDO,<br><br>　　　　　　　Defendants. | NO.  3:21-cv-00589-JR<br><br>STIPULATED AND QUALIFIED PROTECTIVE ORDER |

　　　　Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26-4, the parties agree that good cause exists to protect the confidential nature of certain information contained in Documents, interrogatory responses, responses to requests for production, answers to requests for admission and testimony provided during depositions and/or at trial. The parties, by their undersigned counsel, submit this Stipulated and Qualified Protective Order subject to approval and entry by the Court as follows:

/ / /

Page 1 – STIPULATED AND QUALIFIED PROTECTIVE ORDER

1. As used in this Order, the following definitions and terms shall apply:

   a. "Vaughan" means Margaret Vaughan and all employees, supervisors, agents, attorneys and all Representatives, Entities and other Persons acting or purporting to act on her behalf.

   b. "Confidential Information" means any Discovery Material that the producing party or protected Person reasonably believes not to be publicly available or otherwise in the public domain and that contains (i) sensitive information from a business perspective; (ii) personally sensitive information; (iii) information for which a good faith claim for the need for protection from disclosure can be made under applicable law; (iv) information, the public disclosure of which is restricted by a constitution, statute, rule, policy, or by common law; or (v) trade secret, propriety information or other confidential research, development or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c).

   c. "J.B. Hunt" means J.B. Hunt Transport, Inc. and all related divisions, parents, subsidiaries, affiliates, directors, officers, employees, agents, predecessors, successors, assigns, heirs, executors, administrators, trustees, personal Representatives, attorneys and all Representatives and other Persons acting on its behalf.

   d. "Addo" means Andrew Addo and all employees, supervisors, agents, attorneys and all Representatives, Entities and other Persons acting or purporting to act on his behalf.

   e. "Counsel" means the counsel of record in this action, their law firms and other attorneys or consultants employed or retained by such law firms or any attorney subsequently retained or designated by the parties in this action.

  f.  "Defendant(s)" means J.B. Hunt and/or Andrew Addo.

  g.  "Plaintiff" means Margaret Vaughan.

  h.  "Disclosed" is used in the broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

  i.  "Discovery" is defined as the term is used in the Federal Rules of Civil Procedure.

  j.  "Discovery Material" means any Documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, or in response to Discovery requests in this litigation by any party or protected Person.

  k.  "Document(s)" means all writings, whether an original, a draft, or a copy, however produced, reproduced, stored, or maintained, and each and everything from which information can be processed or transcribed, including, but not limited to, electronically stored data (including but not limited to e-mail, images, back-up tapes, hard drives and hand-held devices), and includes without limitation all things meeting the definition of "document" set forth in Rule 34(a) of the Federal Rules of Civil Procedure or the definition of "writings" and "recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any Document with any marks such as initials, comments or notations of any kind is not deemed to be identical to one without such marks and is to be produced as a separate Document.

  l.  "Person" shall include any natural Person, business entity of any form (whether or not for profit), association, organization, trust or public entity.

  m. "Representative" shall include any Person acting or purporting to act on behalf of, or in concert with, the Persons that he or she or it is representing or purporting to represent.

2. Types of material that may be designated as Confidential:

  a. Any Discovery Material may be designated by a producing party or protected Person as "Confidential" under this Order provided it comports with the categories stated in Federal Rule of Civil Procedure 26(c) or the definition of "Confidential" above. Such designation shall constitute a representation to the Court that the material so designated constitutes Confidential Information as defined in this Order.

3. Designation of Discovery Material as Confidential:

  a. Parties or Protected Persons that produced Discovery Material in this action shall have thirty days after receiving a copy of this Order to designate any such Discovery Material as Confidential pursuant to this Order. Such Discovery Material may be designated as Confidential by providing copies of the Discovery Material stamped with the label "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." If the entire Document is not confidential, the party or protected Person shall, where practical, specifically identify the portions of the Documents that contain the Confidential Information. Any confidential label shall be affixed to each page of the Document containing such material and shall not interfere with the legibility of designated Documents.

/ / /

/ / /

/ / /

Page 4 – STIPULATED AND QUALIFIED PROTECTIVE ORDER

    b.    Any Documents, material or information produced in Discovery in this action, but not covered by paragraph a. above, that are to be designated "Confidential" may be designated as such by the producing party or protected Person by furnishing a separate written notice to the undersigned Counsel for the party receiving such Documents, material or information at the time of their production specifically identifying the portions of the Documents or materials containing the Confidential Information, unless the entire Document is designated as Confidential, and by providing copies of the Documents, material or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." This legend shall be affixed to each page of the Document containing such material and shall not interfere with the legibility of designated Documents. With respect to electronic Documents, the party or protected Person at the time such Documents are produced shall specify in writing that the material is designated as Confidential.

    c.    Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or protected Person's claim of confidentiality as to such information, and the producing party or protected Person may thereafter designate such information as Confidential as appropriate.

4.    Permissible uses of Discovery Material:

    a.    All Documents, testimony and other materials produced by the parties in this case and labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" shall be used only in this proceeding, viewed and discussed only as allowed by this Order, and shall not be shared with any non-party except as provided in below in Paragraph 5.

/ / /

Page 5 – STIPULATED AND QUALIFIED PROTECTIVE ORDER

    b.    Use of any information or Documents labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial or competitive purpose or divulged to any non-party. Confidential Discovery Material produced by J.B. Hunt shall not be placed by Vaughan in any public database, files or records.

5.    Persons permitted to view or use any information, documents or portions of documents labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" including information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order unless additional parties are stipulated by counsel or authorized by the Court:

    a.    Counsel of record for the parties, other attorneys employed by counsel's firm and the administrative staff of counsel's firm.

    b.    Any party to this action who is an individual; or an officially designated representative of a party to this action, officer, director or manager, but only to the extent necessary to further the interest of the parties in this litigation.

    c.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for the purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during litigation of this action.

      e.      The authors and the original recipients of the documents.

      f.      Any court reporter or videographer engaged by the parties reporting a deposition.

      g.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

      h.      The parties' insurer(s) and persons regularly employed by such insurer(s).

      i.      Any other person designated by the Court.

6.      Prior to being shown any documents produced by another party labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" any person listed under paragraph 5(b)-(c), and 5(f)-(g) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

7.      Challenges to confidential designations:

      a.      Should a dispute arise as to the origins of any specific information or Document, the burden shall be on the party claiming that such information or Document was lawfully obtained through means and sources outside of this litigation.

      b.      If either party disagrees with the designation by the producing party or protected Person of any Discovery Material as Confidential Information, then the parties to the dispute will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or protected Person bears the burden of persuading the Court that the information is, in fact, Confidential Information within the definition of that term set forth above. In the case of material provided by a protected Person, the party contesting

the confidentiality designation shall provide reasonable notice to the protected Person that the matter has been referred to the Court.

8. Deposition procedures:

    a. Within thirty days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses Confidential Information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 3.

    b. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

9. Filing under seal:

    a. All Confidential Information contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be filed under seal. Where possible, only confidential portions of filings with the Court shall filed under seal.

    b. The Document containing the Confidential Information to be filed under seal shall be endorsed on its face with the words "Filed Under Seal Pursuant To Protective Order Of The Court, Dated _____."

10. Use of Confidential Information at any hearing:

    a. Whenever information designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" pursuant to this Protective Order is to be discussed by a party or Disclosed in a deposition, hearing or pre-trial proceeding, the designating party may exclude from the room any Person not described in Paragraph 5, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

    b.    Any deposition testimony concerning a Confidential Document produced by a protected Person shall be marked by the court reporter as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on the deposition transcript.

    c.    A copy of this Order shall be identified and marked as an exhibit to any such deposition transcript, and all Persons who have actual notice of this protective Order shall be bound by its terms.

11.    Limitations to Confidential Designations:

    a.    The following shall not constitute Confidential Information for purposes of this Order:

        i. Information that is or becomes generally available to the public other than as a result of a violation of this Order;

        ii. Information that was already in the files of a party (or their counsel), other than the disclosing party, on a non-confidential basis prior to be being produced to such party;

        iii. Information that becomes available to any party on a non-confidential basis if the source was not, to the best of that party's knowledge, subject to any prohibition against transmitting the information to it; or

        iv. Information independently developed or obtained by any party (or their counsel), other than the disclosing party, without use of Confidential Information.

    b.    This Order has no effect upon, and shall not apply to, the parties' use of their own Documents or Confidential Information for any purpose.

    c.    Nothing herein shall prevent or in any way limit disclosure, use or dissemination of any information or Documents that are in the public domain through no violation of this Order.

///

    d.    Nothing herein shall impose any restriction on the use or disclosure by a party of documents, materials or information that have been obtained lawfully by such party independently of the discovery proceedings in the action on a non-confidential basis.

12.    Procedures upon termination of action:

    a.    The parties shall either return to the Person who produced such materials all copies of all Confidential Information obtained through Discovery in this action or certify to that Person that all such materials, electronic or otherwise, have been destroyed within sixty business days following the running of any applicable time to appeal any order or ruling entered in this action.

    b.    Notwithstanding the above, outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, attorney work product (including discovery material) containing Confidential Information, records of communication necessary to maintain attorney file integrity, and other documents containing or reflecting Confidential Information, *provided* that outside counsel and their employees will maintain the confidentiality thereof and will not disclose such documents to any person except pursuant to court order or agreement by the disclosing party.

13.    Miscellaneous:

    a.    If any Person receiving Documents covered by this Order (the "Receiver") is subpoenaed or receives other compulsory process in another action or proceeding or is served with a document demand (collectively hereinafter "Demand"), and the Demand seeks Confidential Information produced by someone other than the Receiver, the Receiver shall give written notice of the Demand by e-mail, hand-delivery, or facsimile transmission to the disclosing party, which shall include or attach a complete copy of the

Demand, unless prohibited by law. The Receiver shall refrain from producing any material that had been designated Confidential in this action in response to the Demand until the earlier of (a) receipt of written notice from the disclosing party that such disclosing party does not object to production of the Confidential material, or (b) resolution of any objection asserted by the disclosing party either by agreement or by final order of the court with jurisdiction over the objection of the disclosing party, unless prohibited by law; *provided*, however, that the burden of opposing the enforcement of the Demand shall fall solely upon the disclosing party. Unless the disclosing party submits a timely objection seeking an order that the Demand not be complied with, and serves such objection upon the Receiver by e-mail, hand-delivery, or facsimile transmission prior to production pursuant to the Demand, the Receiver shall be permitted without violating this Order to produce documents responsive to the Demand. Compliance by the Receiver with any order directing production pursuant to Demand of any Confidential information shall not constitute a violation of this Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order directing production of Confidential information covered by this Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek any relief from this Court or any other court.

b.      This Order shall not affect the right of any party or protected Person to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of Discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

c. Nothing in this Order shall prejudice the right of any party or protected Person to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected protected Persons.

d. All Persons governed by this Order, by reviewing Confidential Information or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their Person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

e. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any Discovery request or object to the admissibility of any Document, testimony or other information.

f. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential Information, or other modifications, subject to order by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

g.      The restrictions on disclosure and use of Confidential Information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

IT IS SO STIPULATED this 14th day of March, 2022.

| D'AMORE LAW GROUP | THE CHARTWELL LAW OFFICES, LLP |
|---|---|
| By /s/ Douglas P. Oh-Keith | By /s/ David P. Rossmiller |
| Thomas D'Amore OSB No. 922735<br>Douglas P. Oh-Keith, OSB No. 064585 | David P. Rossmiller, OSB No. 983395<br>Andrew T. Gust, OSB No. 114074<br>Ryan M. Tarter, OSB No. 141212 |
| *Attorneys for Plaintiff Margaret Vaughan* | *Attorneys for Defendants J.B. Hunt Transport, Inc. and Andrew Addo* |

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED**.

DATED this 14th day of March, 2022.

                                      /s/ Jolie A. Russo
                                      HONORABLE JOLIE A. RUSSO
                                      U.S. MAGISTRATE JUDGE

SUBMITTED BY:
The Chartwell Law Offices, LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
David P. Rossmiller, OSB No. 983395
Email: drossmiller@chartwelllaw.com
Andrew T. Gust, OSB No. 114074
Email: agust@chartwelllaw.com
Ryan M. Tarter, OSB No. 141212
Email: rtarter@chartwelllaw.com

*Attorneys for Defendants J.B. Hunt Transport, Inc. and Andrew Addo*

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ in _____ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Name