IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARGARET VAUGHAN,<br><br>        Plaintiff,<br>v.<br><br>ANDREW ADDO and J.B. HUNT TRANSPORT, INC.,<br><br>        Defendants. | Case No.: 3:21-cv-00589-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie Russo issued a Findings and Recommendation in this case on May 16, 2023 in which she recommended granting plaintiff's Motion for Summary Judgment and granting in part and denying in part defendants' Motion for Partial Summary Judgment. Defendant J.B. Hunt Transport, Inc. timely filed objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## DISCUSSION

Plaintiff Margaret Vaughan brought this action against defendants Andrew Addo ("Addo") and J.B. Hunt Transport, Inc. ("J.B. Hunt"), alleging negligence/recklessness and negligence per se. Plaintiff alleges that she was seriously injured when a semi-truck driven by Addo, an employee of J.B. Hunt, "jackknifed" across the road and struck plaintiff's vehicle. Compl., ECF [1], ¶¶ 6-11.

Both sides moved for partial summary judgment. Plaintiff sought judgment as to whether J.B. Hunt is vicariously liable for compensatory and punitive damages resulting from Addo's conduct in the course and scope of his employment and whether any nonparty bears any fault for plaintiff's injuries. Pl.'s Mot. for Summ. J., ECF [37], at 2. Defendants moved for judgment on whether there is insufficient evidence of punitive damages to create a fact issue for trial. Defs.' Mot. for Summ. J., ECF [39], at 1. Judge Russo found that there was no disputed issue of material fact concerning whether Addo was acting within the course and scope of his employment and, as a result, J.B. Hunt could be held vicariously liable for compensatory and punitive damages resulting from Addo's conduct. Findings & Recommendation ("F & R"), ECF [55], at 6-7. As to nonparty fault, Judge Russo found that as defendants had not alleged nonparty fault and no third-party defendants or others who had settled with plaintiff exist, the issue of nonparty fault was not properly before the Court. *Id.* at 10. Finally, as to defendants' motion, Judge Russo found that a reasonable jury could not find that J.B. Hunt failed to take proper measures to train and supervise Addo, precluding punitive damages, but a jury could infer that Addo engaged in unsafe behaviors while driving and failed to account for road behaviors, and as such the issue of punitive damages was properly before the jury. *Id.* 16-17, 21-22.

No objections were made to the findings and recommendations regarding nonparty fault or punitive damages. The Court, therefore, adopts Judge Russo's findings and recommendations regarding these issues.

Defendants object only to Judge Russo's finding that J.B. Hunt could be held vicariously liable for Addo's conduct in the course and scope of his employment. Defs.' Objs., ECF [58], at 2. They argue that Judge Russo applied the incorrect burden of proof by requiring J.B. Hunt, as the nonmoving

2

party who does not bear the burden of persuasion on the issue of vicarious liability at trial, to provide evidence demonstrating that there was a disputed issue of material fact regarding the elements of vicarious liability. *Id.* at 4.

Summary judgment on the issue should be denied, defendants argue, because plaintiff is not able to prove any of the three elements of vicarious liability —that an employee's conduct occurred "substantially within the time and space limits authorized by the employment," that the employee was motivated at least in part to serve the employer, and that the act was "of a kind that the employee was hired to perform." *Id*. at 4-5 (quoting *Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404 (1988) and *Fearing v. Bucher*, 328 Or. 367, 373, 977 P.2d 1163 (1999)). As to the first element, defendants argue that plaintiff has not and cannot demonstrate that Addo's alleged conduct occurred during work hours and was authorized as part of his employment, as watching a cell phone while driving is not authorized conduct. *Id.* at 5. Similarly, defendants argue that Addo's conduct was not motivated to serve J.B. Hunt because a jury could find that Addo would understand J.B. Hunt to disapprove of watching movies or shows while driving, and the conduct was not of a kind that Addo was hired to perform because plaintiff cannot show that he was hired to watch movies or shows on his cell phone while driving. *Id.* at 5-6.

In addition, defendants assert that issuing judgment on whether J.B. Hunt can be held vicariously liable is not proper prior to determining if any liability exists, and that such a ruling is an impermissible advisory opinion. *Id.* at 7, 9.

First, Judge Russo applied the correct burden of proof. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). If the moving party would bear the burden of proof at trial, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct.

2505, 91 L. Ed. 2d 202, 250 (1986) ("[The summary judgment] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.").

When a moving party demonstrates the absence of a genuine dispute as to any material fact, the burden shifts to the nonmoving party to show in response that there is evidence creating a genuine dispute as to any material fact. *Rivera*, 395 F.3d at 1146 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). A court must draw all reasonable inferences in favor of the nonmoving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). The nonmoving party cannot, however, defeat summary judgment "with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Id.*

Here, plaintiff bears the burden of proving her claims at trial and, as the moving party, must produce sufficient evidence showing that she would be entitled to a directed verdict on the issue of vicarious liability. In her well-reasoned Findings & Recommendation, Judge Russo first examined evidence offered by plaintiff: admissions in defendants' answer and defendants' responses to plaintiff's requests for admissions and interrogatories stating that Addo was "an employee of J.B. Hunt at the time of the accident," "hired as a commercial driver," and "driving a semi-truck hauling freight for Defendant J.B. Hunt [on] January 20, 2020," Answer, ECF [6], ¶¶ 3, 6, 7; that "J.B. Hunt admits that Addo was performing work for J.B. Hunt on January 20, 2020, when the accident with Plaintiff occurred," Decl. of Douglas Oh-Keith ("Oh-Keith Decl."), ECF [38], Ex. 4, at 6; that "Addo admits that he was performing work for J.B. Hunt on January 20, 2020, when the accident with Plaintiff occurred," *id.*, Ex. 5, at 6; and that "Addo was employed as a driver by J.B. Hunt Transport, Inc. on the date of the motor vehicle accident involving Plaintiff's vehicle, with a start date of May 16, 2017, [and] was performing work as part of his employment with J.B. Hunt at the time of the accident," *id.*, Ex. 6, at 6. Based on this evidence, Judge Russo properly found that there was no factual dispute and that, as a matter of law, Addo was acting within the course and scope of his employment at the time of plaintiff's alleged injury, establishing vicarious liability. F & R 8.

Having first considered plaintiff's evidence and determined that plaintiff had met its

burden, Judge Russo then properly permitted defendants an opportunity to raise any evidence demonstrating that there was a dispute as to any material fact.  Defendants' argument appears to be that the admissions cited above do not state, verbatim, that Addo was acting in the scope and course of his employment at the time the collision with plaintiff occurred.  For example, defendants pointed out that the admission that Addo was "performing work for J.B. Hunt on January 20, 2020 when the accident with Plaintiff occurred" is technically distinct from "Addo was acting in the scope and course of his employment with J.B. Hunt Transport Inc. on January 20, 2020 when the collision with Plaintiff occurred."  Defs.' Resp. to Pl.'s Mot., ECF [44], at 3.

As Judge Russo notes, defendants did not offer any competing evidence or argument suggesting that Addo was not working within the scope and course of his employment with J.B. Hunt at the time of plaintiff's injury.  F & R 8.  Rather, defendants prevaricate about the wording of their own admissions.  Defendants may not agree with how plaintiff characterized their admissions, but there is only one reasonable conclusion: that Addo was acting within the course and scope of his employment at the time of the accident.

Second, defendants' newly raised argument that Addo was not acting in the course and scope of his employment because he was not employed to watch videos on his cell phone while driving does not change the Court's conclusion about vicarious liability.  Defendants' new argument suggests that in order to be held vicariously liable, J.B. Hunt must have authorized Addo's allegedly tortious conduct.  This is incorrect.  While a principal may only be liable for a nonemployee agent's conduct if the principal intended or authorized the nonemployee agent to engage in that specific conduct, an employer is generally liable for *all* injuries caused by employees within the scope of their employment.  *Vaughn v. First Transit, Inc.*, 346 Or. 128, 137-38, 206 P.3d 181 (2009).

Here, plaintiff alleges that Addo's negligent or reckless driving caused her injuries.  It is not meaningfully disputed that at the time of the accident, Addo was employed to drive trucks for J.B. Hunt, was in fact driving a J.B. Hunt semi-truck, and was doing so to effectuate a delivery as part of his employment.  These facts undoubtedly demonstrate that Addo was acting in the course and scope of his

5

employment. *See Chesterman*, 305 Or. at 442. That Addo allegedly performed his employment in a negligent or reckless way by using and watching his cell phone and driving inattentively does not mean that he was not acting in the course and scope of his employment. Under established Oregon law, plaintiff need not demonstrate that J.B. Hunt authorized or ratified the manner of Addo's driving to establish vicarious liability.

Third, summary judgment on the question of whether J.B. Hunt may be held liable for compensatory and punitive damages is proper prior to a trial determining Addo's liability. The Court is not issuing an impermissible advisory opinion or speculating about Addo's liability; it simply finds that, as a matter of law, J.B. Hunt may be held vicariously liable for any potential compensatory and punitive damages resulting from Addo's alleged conduct.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF [55]. Plaintiff's Motion for Partial Summary Judgment, ECF [37], is GRANTED. Defendants' Motion for Partial Summary Judgment, ECF [39], is GRANTED as to punitive damages in relation to J.B. Hunt based on its actions in hiring, training, and disciplining Addo, and DENIED in all other respects.

IT IS SO ORDERED.

DATED this 4th day of March, 2024.

_____
Adrienne Nelson
United States District Judge